## DONOGHUE *v.* The COUNTY.

1. In an action against the county for damages by a mob, evidence of unlawful conduct by men assembled within a church, of which the plaintiff was pastor, properly excluded as irrelevant, it being shown he was absent from the city at the time.
2. Notice under the act need only be given, when the owner has knowledge of the intended attack.
3. Verbal notice " that it was expected the church would be attacked, and if so, the school-house would go too," is sufficient in case of the destruction of the school-house.—Per SERJEANT, J.
4. Whether an agent for sale merely, can give such notice, *Quære?*
5. That the verdict was against the weight of evidence, cannot be assigned for error on certificate from the Nisi Prius.
6. Transactions during the riot properly excluded as irrelevant, unless the plaintiff can be implicated.
7. Even as cross-examination of a witness, stating so much as related to the destruction of the property.
8. Omission to set out in the narr. the ward in which the property is situated, is cured by verdict.
9. An accidental destruction by fire communicated from a building fired by a mob, is within the act giving a remedy against the county.

CERTIFICATE from the Nisi Prius.

*Feb.* 24.—This was an action on the case for the destruction, by a mob, of a school-house, the property of the plaintiff, formerly used by the Sisters of Charity, and occupied at the time. The plaintiff was the pastor of St. Michael's Church, and resided in the parsonage, but had been absent for some time. He officiated in the church on the 5th, and the next day went into the country, some miles from town—no disturbance having then taken place. The house was destroyed on the 7th. The defence endeavoured to be established was, such conduct as excluded him from remedy under the 8th sect. of the act of 1841, p. 418, providing that no one shall be entitled to the benefit of the act, if it shall appear the destruction was caused " by his illegal or improper conduct." His honour, the Chief Justice, overruled a question as to when the men first collected in the church on the evening of the 7th. They then showed that on the evening of the 7th, a number of armed men came out of the church, and offered to show that this body fired upon an unarmed assemblage in front of the school-house, but it was rejected for the same reason, to wit, no connection with plaintiff being shown.

The notice proved was, that Frenaye, who had a power of attorney to sell the house, but no other authority, called with others on the sheriff, and told him of the general apprehension of the destruction of the church, and said, " If the church went, the school-house would go too."

Shots were fired from the school-house on Monday, and many of the men engaged in the riot on the 7th, which led to the attack and destruction of the house on the 8th, came out of the parsonage.

The judge was requested to charge the jury—

1st. That the notice in this case to the sheriff was insufficient.

2d. It was insufficient, inasmuch as what is alleged to be notice was not given by the party owner, or any one authorized by him; and inasmuch as Mr. Frenaye did not give notice of any intended attack, but merely expressed his apprehension that if the church was burnt the school-house would be destroyed.

3d. That the notice must be distinct and explicit in stating an intended attack, or intention to collect a mob for that purpose.

4th. That the firing from the school-house was improper and illegal.

5th. That if there was improper or illegal conduct from the parties in possession, the plaintiff cannot recover.

6th. That if the persons in charge of the house invited others to enter with arms, to be used against the crowd, and those persons did so, they became parties to the riot, and their improper or illegal conduct is a bar to the plaintiff's recovery.

The learned judge charged, that if the facts sworn to are true, the sheriff had sufficient notice of the apprehended danger. Also, that if the shots were not fired from the building before the mob attacked it, the firing was justifiable. That the building was a dwelling-house, and castle for family defence; and that a homicide in resistance of a felony is justifiable, especially if committed in the night. That it was justifiable to introduce men and arms into the house, as the exercise of a freeman's privilege, whether there was an apprehension of danger or not; and that if the mob was not fired on till after it had begun the attack, this part of the defence had failed.

The errors assigned were, the overruling the testimony offered; the charge as to the notice being sufficient either in form or by the proper person; the defect in the declaration, in not setting forth the ward.